# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| XETA TECHNOLOGIES, INC., an Oklahoma Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 04-CV-920-JHP-FHM |
| CATHY MCGRAW, RICHARD L. SINGLEY, and QUAGGA, L.L.C. a Foreign Limited Liability Company | ) ) ) ) ) | |
| Defendants | ) ) | |

**<u>ORDER:</u>**

Now before the Court is the Plaintiff's Motion to Dismiss [docket no. 42], the Defendants' Response, and the Plaintiff's Reply. The Plaintiff seeks to have the Court dismiss the Complaint without prejudice pursuant to Rule 41(a) with respect to each of the Defendants. After the motion had been fully briefed, the Plaintiff and Defendant McGraw settled their dispute and it has now been dismissed with prejudice. Therefore, the Motion to Dismiss with regard to McGraw is deemed moot. The motion with respect to Quagga is also deemed moot as the Plaintiff is allowed to dismiss its Complaint pursuant to Rule 41(a) without leave of Court if the dismissal is filed before the adverse party answers the Complaint. Here, the Motion to Dismiss was filed four days before the Defendant Quagga answered the Complaint, so the Plaintiff was free to dismiss the Complaint against the Defendant without an order of the Court. As a result, the Motion to Dismiss only applies to the Defendant Singley. For the reasons stated herein, the Plaintiff's Motion to Dismiss with regard to Singley is hereby DENIED.

1

## BACKGROUND:

The Plaintiff, Xeta Technologies, Inc., filed this case against the Defendants on December 9, 2004 alleging, *inter alia*, that the Defendants had violated the non-compete agreement ("agreement") that they entered into with the Plaintiff. Along with the Complaint, the Plaintiff also filed a motion for preliminary injunction to prevent the Defendants from further breach of the agreement. The Court referred the motion for preliminary injunction to the Magistrate Judge who held a hearing on February 10, 2005. Then, on March 21, 2005, the Magistrate Judge issued his Report and Recommendation with the recommendation that the motion for preliminary injunction be denied. The Magistrate, in his findings, found that the Plaintiff's likelihood of prevailing on the merits was not great, so the Plaintiff had failed to satisfy the requirements for a preliminary injunction. After objections were filed to the Report and Recommendation, this Court adopted and affirmed the Magistrates findings on April 20, 2005. Shortly after the Court's adoption of the Magistrate's findings, the Defendants filed a Motion for Summary Judgment against the Plaintiff. A week later, the Plaintiff filed the current motion seeking to dismiss the Complaint without prejudice. The Motion to Dismiss has been fully briefed and is now at issue.

## DISCUSSION:

Under Rule 41 of the Federal Rules of Civil Procedure, a cause of action may be dismissed by court order "upon such terms and conditions as the court deems proper." Fed. R. Civ. Pro. 41(a)(2). This dismissal unless specified otherwise is to be without prejudice. *Id.* The Tenth Circuit has stated that in consideration of a motion for dismissal without prejudice the court should determine "whether the opposing party will suffer prejudice in the light of the valid

interests of the parties." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)) (internal quotations omitted).

The Tenth Circuit, in *Phillips,* outlined four factors for the court to consider in ascertaining whether a party opposing a motion for dismissal without prejudice will suffer prejudice. First, the court should look at "the opposing party's effort and expense in preparing for trial." *Phillips*, 77 F.3d at 358 (quoting *Clark*, 13 F.3d at 1411) (internal quotations omitted). Second, the court should consider any "excessive delay and lack of diligence on the part of the movant." *Id.* (quoting *Clark*, 13 F.3d at 1412) (internal quotations omitted). Third, the court should determine whether any explanation for the need to dismiss is sufficient. *See id.* Fourth, the "court may also consider the present stage of litigation." *Id.* (citing *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)). The court further states in *Phillips* that all of the factors need not favor a party for the motion to be denied or granted. *See id.*

In this case, the factors weigh against permitting the Plaintiff to dismiss the Complaint against the Defendant, Richard Singley. The Defendant has spent a great deal of time and effort in this case throughout its pendency–the Defendant responded to the motion for preliminary injunction, attended a hearing with regard to the motion, and has recently completed the briefing for his motion for summary judgment. In performing this work, the Defendant's amount of expense and effort weighs against dismissing this case. On the other hand, nothing in the record nor any knowledge of the Court suggests the Plaintiff has been dilatory in pursuing its case against the Defendant. So, the second factor has no effect on the test. Factors three and four of the test, however, are the most detrimental to the Plaintiff's motion. The third factor looks to the adequacy of the Plaintiff's explanation for the dismissal of the cause of action. The Plaintiff

argues that the reason for allowing dismissal is that it would avoid an appealable issue from being confronted. The Court, however, notes that nearly all cases have an appealable issue which must be determined by the Court, so the argument is not persuasive. Moreover, the Plaintiff notes that acquiring a tactical advantage by dismissing and refiling a case is not a sufficient reason to deny a motion to dismiss. In this case, though, allowing dismissal of this case would provide more than a simple tactical advantage to the Plaintiff, it would allow the Plaintiff to bring its cause of action in a different jurisdiction where different laws might apply. The Plaintiff's alleged justification for dismissal is not sufficient, so the third factor weighs against dismissal. Finally, the present stage of litigation certainly weighs against granting the Plaintiff's dismissal of this Complaint. Prior to the Plaintiff's filing of this motion to dismiss, the Defendant had filed a motion for summary judgment. The Tenth Circuit in *Phillips* noted that a "party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." 77 F.3d at 358. Here, it is uncertain whether Plaintiff is trying to avoid a dispositive ruling in the case by seeking dismissal; but, the fact that the motion is pending and fully briefed coupled with the Court's denial of the motion for preliminary injunction, certainly leads the Court to find that dismissing the case at this stage in the litigation would be unduly prejudicial to the Defendant.

### **CONCLUSION:**

Therefore, factors one, three, and four definitely weigh against allowing the Plaintiff to dismiss the Complaint without prejudice pursuant to Rule 41(a)(2) and factor two has no effect on the analysis. Weighing all of the factors and taking into consideration any other factors that may be relevant, the Court finds that dismissing this case would result in undue prejudice to the

Defendant. Thus, the Plaintiff's Motion to Dismiss Richard Singley without prejudice is hereby DENIED. As discussed earlier, the Motion to Dismiss with respect to Cathy McGraw and Quagga L.L.C. is deemed moot.

IT IS SO ORDERED this 26th day of August, 2005.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma